UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CASE NO. 1:12-CR-194-8
:
ADRIAN TOTTON, :
    Defendant :

### *MEMORANDUM AND ORDER*

On February 1, 2017, this court granted in part Defendant's motion (Doc. 1162) under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (See Docs. 1245, 1246). In that decision, the court found meritorious Defendant's claim of ineffective assistance of counsel surrounding the plea agreement negotiations. (Doc. 1245 at 10-22). Accordingly, in light of the facts of the case and the Supreme Court's decision in Lafler v. Cooper, 566 U.S. 156, 171 (2012), the Government was ordered to "reoffer the plea agreement that was previously offered to Defendant[.]" (Doc. 1245 at 21; Doc. 1246).

On April 18, 2017, the parties filed a joint status report (Doc. 1253) indicating that they were at an impasse regarding the relief ordered by the court. Apparently, the Government had provided defense counsel with the "reoffered plea agreement," but had made multiple material changes to the plea agreement without Defendant's knowledge or consent. (Doc. 1253 at 1-3). The relevant changes, to which defense counsel objects, include the removal of the cooperation provisions, (Doc. 1238-1 ¶¶ 16, 17), as well as a change to the acceptance-of-responsibility provision, (Doc. 1238-1 ¶ 12), modifying the

original offer of a three-level acceptance-of-responsibility decrease to only a two-level decrease. (See also Doc. 1253 at 2).[1]

Upon being informed of this impasse, the court ordered the parties to brief their respective positions. (Doc. 1254). Both parties have done so. (Docs. 1256, 1257).

After careful consideration of the parties' briefing and the law, the court can find no support for the Government's assertion that it can unilaterally reform the previously offered plea agreement by removing or amending material provisions which it now finds unsuitable. The purpose of the relief ordered—relief required by Lafler—is to attempt, as best as possible, to put the defendant in the position he would have been in had he received constitutionally effective assistance of counsel regarding the plea agreement negotiations. See Lafler, 566 U.S. at 170 (explaining that "Sixth Amendment remedies should be tailored to the injury suffered from the constitutional violation" so as to "neutralize the taint" of the violation); United States v. Carmichael, 216 F.3d 224, 227 (2d Cir. 2000) (explaining that remedy for ineffective assistance of counsel "is one that as much as possible restores the defendant to the circumstances that would have existed

---

[1] Several other slight modifications were made to the reoffered plea agreement, but those revisions were accepted as appropriate by defense counsel. In particular, Paragraph 1 of the original plea agreement stated that the maximum term of supervised release for Count 1 of the to-be-filed superseding felony information was three years, (Doc. 1256-1 ¶ 1), when in fact three years was (and is) the *minimum* term of supervised release for such a crime, see 21 U.S.C. § 841(b)(1)(C). Because defense counsel admits that Paragraph 1 of the original plea agreement contained an erroneous maximum term of supervised release, (see Doc. 1257 at 1 n.1), it is entirely appropriate to revise this paragraph in the reoffered plea agreement to fix a mutual mistake that did not accurately reflect the law. Cf. United States v. Williams, 198 F.3d 988, 993-94 (7th Cir. 1999) (explaining that reformation of plea agreement, rather than voidance, is appropriate remedy where mutual mistake of fact relates to parties' expression of agreement, *e.g.*, the contents of the writing, rather than basis on which agreement was made); United States v. Peveler, 359 F.3d 369, 375 (6th Cir. 2004) ("Reformation of a written agreement is warranted only when the evidence demonstrates that the parties' mutual mistake resulted in a written document which does not accurately reflect the terms of their agreement."); United States v. El Amin, 200 F. App'x 75, 78 (3d Cir. 2006) (nonprecedential) ("Reformation is appropriate only where the mistake is mutual and the contract 'fails to express the agreement.'" (quoting RESTATEMENT (SECOND) OF CONTRACTS § 155 (AM. LAW INST. 1981))).

2

had there been no constitutional error"); United States v. Blaylock, 20 F.3d 1458, 1468 (9th Cir. 1994) ("[T]he remedy for counsel's ineffective assistance should put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred[.]").

Here, as was made clear in this court's previous order, Defendant must be given the opportunity to accept the plea agreement that was previously offered so as to put him "back in the position he would have been in if the Sixth Amendment violation had not occurred." Blaylock, 20 F.3d at 1468. The Government has provided a copy of the original plea agreement that was on the table up until the day of trial. (See Doc. 1238-1). Moreover, several of its key provisions were summarized by the Government at the pretrial hearing and also referenced in the 2255 motion hearing. (See Doc. 1187 at 64-65; Doc. 1215 at 73). In particular, the original offer contained cooperation provisions and a three-level reduction for acceptance of responsibility. (See Doc. 1238-1 ¶¶ 12, 16-17). As the Government explained at the pretrial hearing, Defendant's Guideline range under that plea agreement would "start out at 151 to 188" months' imprisonment, and "that figure would go down with a 5K." (Doc. 1187 at 64). Moreover, at the pretrial hearing the Government acknowledged that Defendant "would be eligible for a motion for downward departure because he had provided some substantial assistance." (Id.)

Now that Defendant has successfully moved for relief under § 2255, it appears that the Government is reversing course. Contrary to its representations at the pretrial hearing and 2255 motion hearing, the Government now claims that at the time immediately preceding trial, Defendant "could not have meaningfully cooperated," and as a result "the Government has determined that it will not move for a substantial-assistance

3

departure." (Doc. 1256 at 6). Therefore, according to the Government, because it has already decided that it will not exercise its discretion to move for a downward departure under United States Sentencing Guidelines Manual ("USSG" or "Guidelines") § 5K1.1 or for a third acceptance-of-responsibility level decrease under USSG § 3E1.1(b), there is no need to put such language in the reoffered plea agreement because it "would serve no purpose at this time[.]" (Doc. 1256 at 5-6, 7-10). The court disagrees.

It is true that, at sentencing, the Government has the discretion to decide whether to move for a § 5K1.1 downward departure or a § 3E1.1(b) third acceptance-of-responsibility level decrease pursuant to those particular sections of the Guidelines. When such provisions, however, are made part of a plea agreement and constitute the basis of the bargain, the court can make its own independent determination regarding whether to depart downward or apply a three-level reduction for acceptance of responsibility if it determines that the Government's refusal to offer such a motion is attributable to bad faith. See United States v. Abuhouran, 161 F.3d 206, 212 (3d Cir. 1998) ("[T]he government frequently will agree as part of a plea agreement to consider whether to offer a § 5K1.1 motion. In such a case, even if the government reserves 'sole discretion' to determine whether to offer a motion, a district court has authority to depart downward for substantial assistance when the government's refusal to offer a motion is 'attributable to bad faith.' This exception derives from contract law. Contract law principles apply because, without them, the defendant would be deprived of the benefit of his plea bargain and his plea would be involuntary." (citations omitted)); United States v. Isaac, 141 F.3d 477, 506-07 (3d Cir. 1998) ("When the [plea] agreement contains a § 5K1.1 provision like the one involved here, it is not the case that the clause regarding

4

government discretion deprives the defendant of any reasonable expectation of receiving something in return for the surrender of his rights. [The defendant] did not strike an illusory bargain. He, as would anyone else in the same position, had a reasonable expectation that there would be a discretionary evaluation of his cooperation in good faith."); see also United States v. Drennon, 516 F.3d 160, 162 (3d Cir. 2008) ("[The] similarity of text and purpose leads us to the conclusion that our 5K1.1 jurisprudence is particularly helpful in applying § 3E1.1(b).").

Thus, despite the Government's assertion to the contrary, such provisions in the plea agreement do indeed still serve a purpose. It would be improper for the Government to unilaterally remove these provisions because (1) they were a material part of the basis of the original plea bargain, and (2) Defendant can still seek to enforce the provisions, even absent a motion from the Government, if he believes that he has performed his end of the bargain and the Government's refusal to offer such motions at sentencing is "attributable to bad faith" in violation of contract law principles. Abuhouran, 161 F.3d at 212; Isaac, 141 F.3d at 506-07.

The Government also briefly argues that a portion of the § 5K1.1 provision in the original plea agreement, (Doc. 1238-1 ¶ 16), vitiates the need to put the § 5K1.1 provision in the reoffered agreement. (See Doc. 1256 at 6-7). The language the Government relies on states that "the United States will decline to exercise its discretion and recommend a departure . . . if the defendant's plea involved a guilty plea to an offense which reduces the defendant's maximum possible sentence below the guidelines imprisonment range otherwise called for by the Sentencing Guidelines in this case." (Doc. 1238-1 ¶ 16). According to the Government, because "[a]fter trial, the PSR calculated a

5

guideline range of 360 months to life," and the "maximum sentence under the original plea and reoffered plea agreements is 240 months," the quoted language of Paragraph 16 would be implicated, forcing the Government to decline to exercise its discretion to recommend a § 5K1.1 departure. (Doc. 1256 at 6-7).

The court rejects this argument for two related reasons. First, the "360 months to life" Guideline range calculated in the post-trial PSR is irrelevant, because the plea agreement at issue necessarily contemplates pleading guilty to a particular offense and foregoing trial. Second, the above-quoted language from the original agreement's § 5K1.1 provision clearly does not apply in the instant circumstances. Rather, under the terms of the original plea agreement, the maximum sentence for the crime to which defendant would agree to plead guilty is 240 months, (Doc. 1238-1 ¶ 1), and the Guidelines for Defendant under that agreement would start out at "151 to 188" months and "go down with a 5K," (Doc. 1187 at 64).

ACCORDINGLY, this 21st day of June, 2017, upon consideration of the briefing (Docs. 1256, 1257) from the parties, and in light of the foregoing discussion, it is ORDERED that:

(1) Within seven (7) days of today's date, the Government shall reoffer the original plea agreement in a form that is consistent with this opinion and order, and shall also provide a copy of the same to the court.

(2) Within seven (7) days of receiving the reoffered plea agreement, Defendant shall notify the court regarding his decision to accept or reject the offer. If Defendant accepts and executes the reoffered plea agreement, the court will then decide "whether to vacate the conviction from trial and accept the plea, or leave the conviction undisturbed." Lafler v. Cooper, 566 U.S. 156, 171 (2012).

(3) If required, a change of plea hearing and resentencing shall be scheduled at an appropriate time by further order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge